Yazoo & M. V. R. Co. *v.* Blum.

[86 South. 805, No. 21502.]

1. Carriers. *Provision in bill of lading that carrier shall have benefit of insurance on lost or damaged property held valid.*

A provision in a bill of lading that the carrier liable on account of loss of or damage to property shall have the full benefit of any insurance that may have been effected upon, on or account

.of said property is valid, in the absence of fraud, or of any contract to the contrary with the insurer, and entitles the carrier to a deduction for insurance paid the shipper.

2. PLEADING. *When it appears on trial that shipper has collected insurance on goods lost, carrier may plead provision in bill of lading entitling it to benefit thereof.*

In a suit against a carrier for the value of goods lost in transit, when the fact that the shipper had collected insurance for the loss of the goods is disclosed for the first time on the cross-examination of the last witness who testified in the case, the carrier should be permitted to then plead the provision of the bill of lading that, in the event of the loss of the goods, the carrier shall have the benefit of any insurance effected on the goods.

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Action by Inez L. Blum against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Hirsch, Dent & Landau,* for appellant.

We respectfully submit that the court should have directed the jury to deduct from any claim for loss the amount of the insurance collected by the plaintiff. The bill of lading contains the following clause: "In case of any loss, detriment or damage done to or sustained by said goods or any part thereof for which the carrier shall be liable to the shipper, owner or consignee, the carrier shall, to the extent of such liability, have the full benefit of any insurance that may have been effected upon or on account of said goods."

Such a clause is valid because the carrier might himself have insured against the loss, even though occasioned by his own negligence; and if a shipper under a bill of lading containing this provision effects insurance and is paid the full amount of his loss, neitheer he nor the insurer can recover against the carrier. *Phoenix Insurance Co.* v. *Erie & Western Transportation Co.,* 117 U. S. 312; *Wager* v. *Providence Insurance Co.,* 150 U. S. 99; *Luck·*

*enbach et al.* v. *W. J. McCahan Sugar Refining Company and the Insular line,* 248 U. S. 139, 145, 146.

Stipulation in a contract to carry goods that, in case of damage through the carrier's negligence, it shall have the benefit of any insurance effected on the goods is valid, so as to entitle the carrier to a deduction for insurance paid the shipper. *Roll* v. *Philadelphia W. & B. R. R. Co.* (Supreme Court of Pennsylvania, May 27, 1901), 49 Atl. 344; 5 Joyce on Insurance (2 Ed.), section 3545; Ib., sec. 3548; 10 Corpus Juris, p. 515.

We respectfully submit that this case should be reversed and remanded to the court bellow, with directions to submit it to the jury to determine whether the defendant is liable for any part of the goods claimed to have been lost, and that a credit should be allowed for the amount collected from the insurance company.

*Brunini & Hirsch,* for appellee.

The condition in the bill of lading, the original of which will be found marked Exhibit "A," at page 5 of the record, is under the heading "conditions," and is the last paragraph under section 3 thereof. It reads as follows: "Any carrier or party liable on account of loss or damage to any of said property, shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance."

Appellant undertook to quote the foregoing provision in its notice. The part underscored, however, is not clearly stated. Now the appellant, while it filed its notice, absolutely offered no proof to show that such a provision in the bill of lading would not have avoided the policies or contracts of insurance. In other words, it did not show the condition, or conditions, under which it was entitled to the full benefit if the insurance existed. This was a necessary and precedent showing before appellant could insist upon offsetting the amount collected by Mrs. Blum.

This honorable court will also notice that it is nowhere

stated in the notice even, that the provisions would not have avoided the policies or contracts of insurance.    In other words, the condition in the bill of lading was not shown to have been fulfilled, and it was not even 'claimed in the notice to have been fulfilled.    Appellant was not, therefore, entitled to the benefits of the condition.

On page 30 of appellant's printed brief, under the subdivision "B" a quotation is made from the case of *Luckenbach et al* v. *McCahan, etc.,* 248 U. S. 139, but it will be noted that the clause in the bill of lading in that case did not have the qualifying clause: "so far as this should not avoid the policies or contracts of insurance."

Of course, "in the absence of a specific contract, the carrier is not entitled to the benefits of insurance effected by the shipper on the goods shipped, and in case of loss or injury it is not entitled to call on the insurer for contribution."    10 Corpus Juris, 514.

"Payment of loss by the insurer does not prevent a recovery against the carrier for the amount of the loss, the carrier being primarily liable therefor, and the recovery being for the benefit of the insurer, which is subrogated to the rights of the shipper."    10 Corpus Juris, 514.    That is exactly the position of appellee.

So this honorable court will see that the very authority cited by appellant, shows that appellant is not entitled to recoup.    Appellant has absolutely failed to show that the insurance on the contents of the two boxes in question is one to the benefit of which, by the terms of its contract, it is entitled.    It has absolutely not shown, and even in its notice found on page 191 of the record, it has not even claimed that the provision that the carrier shall have the full benefit of any insurance that may have been effected upon or on account of the property, would not have avoided the policies or contracts of insurance.

In conclusion, we respectfully submit that the lower court was eminently correct in directing a verdict in favor of appellee;    First, because there was no conflict in the evidence, and that the evidence showed that the loss necessarily must have occurred while the two boxes were in the

possession of the railroad company, and that the court was correct in not crediting appellant with the amount appellee had collected from the insurance company, for the reasons heretofore submitted.

W. H. COOK, J., delivered the opinion of the court.

In the circuit court of Warren county, Miss., Mrs. Inez L. Blum, the appellee, instituted suit against the Yazoo & Mississippi Valley Railroad Company, the appellant, for the value of certain articles of wearing apparel and household goods alleged to have been lost in transit from Vicksburg to Chicago, Ill., and from a judgment for nine hundred and seventy-eight dollars and seventy-nine cents, the full amount sued for, the railroad company appealed.

The appellee, Mrs. Blum, is the daughter of Mr. M. F. Levy, of Vicksburg, and on the 27th day of January, 1913, she married and removed to Chicago. Prior to her marriage, and while traveling in Europe, she purchased many valuable articles of wearing apparel and household goods which were assembled at the home of her father in Vicksburg. After her removal to Chicago these goods and others belonging to her were carefully inventoried and packed in two boxes and delivered to the railroad company consigned to the appellee at her Chicago address, and in due course the two boxes were delivered at the home of appellee in apparent good order. The boxes were placed in a securely locked room in her apartment in Chicago and remained there unopened for more than thirty days, and when they were finally opened it was discovered that many of the most valuable articles were missing, and the value of the missing articles is shown to be nine hundred and seventy-eight dollars and eighty-nine cents.

The bill of lading contained the following provision:

"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance."

Upon the trial the appellee was the last witness to testify, and upon her cross-examination it developed that she had insurance on this property, and that she had collected six or seven hundred dollars insurance on account of this loss. At the conclusion of her testimony the appellee rested her case, and thereupon counsel for defendant requested permission to set up the fact that appellee had insurance on this property and collecteed about seven hundred dollars, and under the terms of the bill of lading, if there is a recovery at all, the defendant is entitled to recoup or offset the amount of recovery, or whatever sum was collecteed from the insurance company, and offered a notice in writing to that effect. Appelllee objected to the filing of this notice, and the record fails to disclose what, if any, ruling was made on this objection, but the court thereupon granted a peremptory instruction for the appeellee for the full amount sued for.

For a reversal of this case the appellant relies principally upon two assignments: First, that the court erred in peremptorily instructing the jury to find for the appellee upon the question of liability, and second the court erred in permitting the appellee to recover from the appellant the sum she admittedly collected from the insurance company under this burglary insurance policy.

The testimony offered on behalf of the appellee gives in great detail the method of handling this shipment from the time it was packed until delivered to the railroad company at its depot in Vicksburg, and from the time it was taken from the warehouse of the Illinois Central Railroad Company in Chicago until opened in the home of the appellee, and we think the testimony in this regard conclusively demonstrates that the goods were lost or stolen while in the possession of the railroad company, and the act of the court in holding that the defendant was responsible for the loss of the goods was correct.

We think, however, that the court was in error in denying the appellant the right to offset against this loss the amount which the appellee had collected from the insurance company on the loss. The provision of the bill of

lading that the carrier shall have the full benefit of any insurance that may have been effected upon, or on account of, said property is valid, in the absence of fraud, or of any contract to the contrary with the insurer, and when it developed upon cross-examination of the appellee that she had collected insurance, the apellant shoulld have been permitted to plead this provision in the contract and to claim as an offset the amount of insurance collected.

The validity of provisions in contracts of carriage similar to the one here involved has been settled by numerous decisions of the United States supreme court. In the recent case of *Luckenbach* v. *McCahan Sugar Refining Co.*, 248 U. S. 139, 39 Sup. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522, the court says:

"Such a clause is valid because the carrier might himself have insured against the loss, even though occasioned by his own negligence; and if a shipper under a bill of lading containing this provision effects insurance and is paid the full amount of his loss, neither he nor the insurer can recover against the carrier. *Phoenix Ins. Co.* y *Erie & W. Transp. Co.* 117 U. S. 312 [29 L. Ed. 873, 6 Sup. Ct. Rep. 750, 1176]; *Wager* v. *Providence Ins. Co.*, 150 U. S. 99, 37 L. Ed. 1013, 14 Sup. Ct. Rep. 55."

See, also, *St. Louis & R.* v. *Commercial Ins. Co.*, 139 U. S. 223, 11 Sup. Ct. 554, 35 L. Ed. 154; *Jackson Co.* v. *Boylston Mut. Ins. Co.*, 139 Mass. 508, 2 N. E. 103, 52 Am. Rep. 728; *Mercantile Mut. Ins. Co.* v. *Calebs*, 20 N. Y. 173; *Roos* v. *Philadelphia, W. & B. R. Co.*, 199 Pa. 378, 49 Atl. 344; 10 Corpus Juris, 515; Joyce on Insurance (2d Ed.), sections 3545 and 3548.

It is insisted on behalf of appellee that the application to file the notice or plea setting up the provisions of this contract of carriage came too late, and for that reason was properly denied. It appears from statements in the record that neither counsel for appellant nor appellee had any previous knowledge of the fact that the insurance had been collected, and when that fact was developed on cross-examination of the last witness it would have been proper to have reopened the case to permit the facts in

reference to this defensive matter to be fully developed. Since the testimony is uncertain as to the amount of the insurance collected, this case is reversed and remanded.

*Reversed and remanded.*