STAPLE COTTON CO-OPERATIVE ASS'N *v*. YAZOO & M. V. R. Co.

(Division A. September 30, 1940.)

[197 So. 828. No. 34224.]

388

Watkins & Eager, of Jackson, and Brewer & Sisson, of Clarksdale, for appellant.

390

Fred H. Montgomery, of Clarksdale, for appellee.

Argued orally by **Charles A. Sisson** and **Tom Watkins**, for appellant, and by **Fred H. Montgomery**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action in which the appellant seeks to recover from the appellee the value of twenty-two bales of cotton owned by the appellant, and destroyed by fire when in the possession of appellee under a bill of lading for its transportation from Deeson, Mississippi, to the appellant, at Greenville, Mississippi.

When the appellant closed its evidence, the court, at

the request of the appellee, directed the jury to return a verdict for the appellee, and there was a verdict and judgment accordingly.

Prior to the delivery of the cotton to the appellee, the North British & Mercantile Insurance Company, Ltd., had issued to the appellant a fire insurance policy covering all cotton owned by it (according to an agreement of counsel made in lieu of the introduction of the policy in evidence) "in various locations and in varying amounts in the different locations."

One of the provisions of this policy is: "Warranted by the assured free from any liability for cotton in the possession of any carrier or other bailee who may be liable for any loss or damage thereto; and free from any liability for cotton shipped under a bill of lading containing a stipulation that the carrier may have the benefit of any insurance thereon; and that any insurance granted hereunder shall be null and void to the extent of any insurance which the assured or any carrier or other bailee has, at the time of the disaster, and which would attach if this policy had not been issued."

Attached to this policy was the following letter:

"Cotton Fire & Marine Underwriters
"Columbia, S. C.

"1, August, 1938

"Staple Cotton Cooperative Association
"Greenwood, Miss.

"Dear Sirs:

"In consideration of your acceptance of Policy No. 1405 of the North British & Mercantile Insurance Company, Ltd., containing the following stipulation and warranty:

" (This warranty has been hereinbefore set forth.)

"We agree (provided always, the loss shall constitute in other respects a claim under this policy) that in event of loss on goods described in said stipulation, from which the bailee or carrier (or insurers of the bailee or carrier) denies liability, we will advance to you the amount

thereof as a loan without interest, the repayment thereof to be conditional upon, and only to the extent of, any recovery from the carrier (or insurers of the bailee or carrier) received by you and we further agree that we will pay and assume all cost and expenses of any suit brought in the name of yourself or the owners of said goods, or otherwise to enforce the liability of the carrier or bailee (or insurers of the bailee or carriers).

"Yours truly,
"North British & Mercantile Ins. Co., Ltd.
"By....................."

After the burning of the cotton, the insurance company complied with its agreement to advance to the appellant the amount of its loss on the cotton as a loan without interest, the repayment thereof to be conditional upon, and only to' the extent of, any recovery by the appellant from the appellee.

The bill of lading issued by the appellee provides that "Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance: Provided, That the carrier reimburse the claimant for the premium paid thereon." The appellee claims, and the court below held, (1) that it is entitled to the benefit of any insurance on the cotton carried by the appellant; and (2) that the money paid the appellant by the North British & Mercantile Insurance Company, Ltd., under the policy by it to the appellant inured to the appellee's benefit. Under this provision of the bill of lading the appellee would have been entitled to the benefit of any insurance carried by the appellant on the cotton "in the absence . . . of any contract to the contrary with the insurer." Yazoo & M. V. R. Co. v. Blum, 124 Miss. 318, 86 So. 805, 806. This insurance policy, however, provides that it shall be "free from any liability for

cotton in the possession of any carrier or other bailee who may be liable for any loss or damage thereto; and free from any liability for cotton shipped under a bill of lading containing a stipulation that the carrier may have the benefit of any insurance thereon."

The agreement of the insurance company attached to the policy to advance the appellant the amount of any loss it might sustain by the destruction of cotton in the hands of a bailee or carrier "as a loan without interest, the repayment thereof to be conditional upon, and only to the extent of, any recovery from the carrier," violated no right of the appellee, and the making of the loan by the insurance company does not relieve the appellee from liability to the owner of the cotton for the destruction thereof. When a loan is made under such an agreement, a recovery against the bailee or carrier inures to the benefit of the insurer. Edgar F. Luckenbach et al. v. W. J. McCahan Sugar Ref. Co. et al., 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522, and cases cited in the annotation thereof at page 1528. The appellee's request for a directed verdict should have been refused.

One of the appellant's contentions is that the appellee is estopped from making the defense to this action hereinbefore dealt with. It will not be necessary for us to discuss that question, for it seems reasonably clear from the record that when the case is tried again in the court below, nothing will appear that will entitle the appellee to the benefit of this advancement made by the insurance company to the appellant.

Reversed and remanded.